CHAPMAN, &c.
*vs.*
STOCKWELL.

---

Case 27.

PET. EQ.

## Chapman, &c. *vs.* Stockwell.

### APPEAL FROM FLEMING CIRCUIT.

1. By the provisions of the *Revised Statutes, chap.* 80, *sec.* 26, *page* 543, a vendor of land who has conveyed, has no lien for purchase money unpaid against a purchaser of the vendee, unless it be expressly stated in the deed what part of the purchase money remains unpaid.
2. The fact that a purchaser has actual notice that a balance of the purchase money remains unpaid will not affect his purchase. If there be no such reservation in the deed it is to be understood that the vendor waives his lien.

[The facts of the case appear in the opinion of the court. REP.]

*L. B. Cox,* for appellant—

1. The first and important question presented by this record is, whether there existed any lien in be-

half of the appellee for that part of the considera-
tion which was due from Lee to Taylor, for the land
which he deeded to Stockwell, as part of the price of
the land which Stockwell conveyed to Lee, and which
Stockwell was compelled to pay to Taylor.

By the *Revised Statutes, chap.* 80, *sec.* 26, *page* 543,
the law on the subject of a vendor's lien has been
materially changed, and no lien now exists where
there has been a conveyance, " unless it be express-
ly stated in the deed what part of the purchase mon-
ey remains unpaid."

There is no difficulty in the construction of this
section. The only inquiry is, does the deed of Stock-
well to Lee contain any such reservation or state-
ment as to bring him within its spirit and meaning ?
The reference made to the conveyance made by Lee
to Stockwell says nothing about any charge upon the
land which Lee conveyed, nor any thing about any
balance due to Lee's vendor, and of course a pur-
chaser from Lee of the land conveyed to him by
Stockwell could learn nothing from that deed of any
charge upon the land. It is said, however, that the
recital in the deed that Lee had sold, as part of the
consideration, the land purchased of Taylor, was no-
tice that the price was not all paid, and the case of
*Thornton vs. Knox's exo'r.* 6 *B. Monroe,* 72, is cited
and relied on. There is no analogy between the
cases; besides, that case was decided under the law
as it stood before the passage of the Revised Statutes.

*Cavan and H. M. Bruce,* for appellee, Sanford—

Argued, that Stockwell had no lien upon the land
conveyed to Lee, and that the court had erred in allow-
ing his claim, and we rely upon the *Rev. Stat. chap.* 80,
*sec.* 26, *page* 543, as conclusive of the question of lien.
A purchaser of Lee was not bound to look beyond
Stockwell's deed to Lee. Stockwell was Lee's ven-
dor, and not Taylor, from whom Lee had purchased.

CHAPMAN, &c.
vs.
STOCKWELL.

Jan. 7, 1858.

Judge SIMPSON delivered the opinion of the court.

In January, 1854, Stockwell conveyed to Lee a tract of land containing two hundred acres, and the consideration was expressed in the deed in the following language, viz:

" That in consideration of a certain tract of land, ' to-wit, the tract of land recently purchased by said ' Lee of George W. Taylor, which is, simultaneously ' with this conveyance, conveyed by the said Lee, to ' the said Stockwell; and further, in consideration of ' the sum of three thousand and five hundred dollars, ' to be paid by the said Lee to the said Stockwell in ' the following payments, $1,050 on the 1st Feb. 1855; ' $1,400 on the 25th of December, 1855;. and $1,050 ' on the 1st day of March, 1856, the said Stockwell, ' &c."

Lee sold and conveyed this land to Grimes in January, 1855, and Grimes, in January, 1856, sold and conveyed it to Augustus Sandford.

The purchase money ·due from Lee to Stockwell was all paid; but on the tract of land that Lee conveyed to Stockwell, as part of the price of the two hundred acres, the last instalment of the purchase money due to Taylor, the vendor of Lee, was not paid by the latter, who became insolvent; and the land being bound for the money, Stockwell was compelled to pay it. For the amount thus paid, he in this action asserts a lien as vendor on the land he conveyed to Lee.

To sustain the plaintiff's claim to a lien, actual notice of its existence, and also the deed of conveyance from him to Lee, are relied upon.

The questions for our consideration, in passing upon the claim thus presented, involve the construction of the 26th *section of the* 80th *chapter of the Revised Statutes, page* 543, which reads as follows, viz:

" When any real estate shall be hereafter convey- 2. By the pro- ' ed, and the purchase money or any part thereof visions of the ' shall remain unpaid at the time of the conveyance, *Rev. Sts. ch. 80,* sec. 29, *page* 543, ' the grantor shall not thereby have a lien for the

' same, unless it be expressly stated in the deed what
' part of the consideration remains unpaid."

This provision seems to be susceptible of but one construction, and that is, that a vendor, when he executes a deed of conveyance, retains no lien for the unpaid purchase money, unless he complies with the requisitions of the statute, and expressly states in the deed what part of the consideration remains unpaid. Before the adoption of the Revised Statutes the execution of a deed of conveyance by a vendor was not regarded as a waiver of his lien, but as his lien was a mere equity, the land, when it passed into the hands of the purchaser from his vendee, was not affected by it, unless the purchaser had notice of its existence. Hence the inquiry that frequently arose in such cases, whether the deed itself furnished such notice; but that inquiry was wholly unnecessary where actual notice could be proved. The statute under consideration does not declare that the deed shall not be notice of the existence of a lien, unless it contain an explicit statement of what part of the consideration remains unpaid. If it had only done this its object and effect would have been merely to change a rule of evidence, and not to alter the law regulating the lien itself. But on the contrary it expressly declares, that if any part of the purchase money remain unpaid at the time of the conveyance, the grantor shall not thereby have a lien for the same, unless the consideration remaining unpaid be expressly stated in the deed. According to this language the existence of the lien itself depends upon a compliance with the statute, and the execution of a deed of conveyance, which does not contain the required statement in relation to the unpaid purchase money, amounts in law to a waiver of the vendor's lien.

It is contended, however, that the word *thereby*, in the section under consideration, where it is declared that the grantor shall not ' *thereby*' have a lien for the same, refers to the conveyance, and means only that

CHAPMAN, &c.
*vs.*
STOCKWELL.

a vendor of land who has conveyed, has no lien for purchase money unpaid against a purchaser of the vendee, unless it be expressly stated in the deed what part of the purchase money remains unpaid.

CHAPMAN, &c.
    vs.
STOCKWELL.

no lien shall exist by virtue of the deed, unless it contain a statement of that part of the consideration that remains unpaid. But it must be recollected that the vendor's lien did not, at the time of the passage of the statute, exist by virtue of the deed which he executed, but it existed independent of it, and notwithstanding its execution. By inserting in the deed an express reservation of his lien, he guarded against the loss of it by the land passing into the hands of a purchaser without notice, but he did not *thereby* create the lien which existed without any such reservation. The legislature could not therefore have intended to declare that the grantor should not have a lien by virtue of the conveyance, unless he complied with the requisitions of the statute, inasmuch as the conveyance did not as the law then was, create or give rise to the lien, but it existed independently of it. The word *thereby*, as used in the sentence, refers to the fact that part of the purchase money remains unpaid at the time of the conveyance, and it is declared that the grantor shall not *thereby*—that is, by reason of that fact—have a lien for the same, unless he pursues the directions of the statute. It is the circumstance thus referred to that in law creates the lien, and it was evidently the intention of the legislature to change the previous law, and to prevent that circumstance from giving a lien on the land, after a deed of conveyance was executed, unless the requisition of the statute was complied with.

The effect of the statute then is, that there is no lien where the grantor has executed a deed of conveyance, unless it be expressly stated in the deed what part of the purchase money remains unpaid, and consequently that actual notice, in such a case, to a subsequent purchaser, that part of the purchase money due to the original vendor remains unpaid, will not affect his title to the land. The original vendor, by executing a deed, without stating therein that the purchase money remains unpaid, thereby

*2. The fact that a purchaser has actual notice that a balance of the purchase money remains unpaid will not affect his purchase. If there be no such reservation in the deed, it is to be understood that the vendor waives his lien,*

waives his lien, and cannot revive it by giving notice that part of the purchase money is still unpaid, for which he claims a lien upon the land.

and a purchaser is not bound to look beyod the deed to his vendor.

As the plaintiff cannot derive any benefit from the knowledge of the defendants that he claimed a lien, the next inquiry is, does the deed he executed to Lee contain such a statement as will entitle him to it? The conveyance of the tract of land which Lee purchased of Taylor, in part payment of the price of the land conveyed to the former by the plaintiff, is recited in the deed; but the deed contains no statement that any part of the purchase money remained due from Lee to Taylor, although that fact appeared on the face of the deed which Taylor had executed to Lee. Was it incumbent on a purchaser from Lee to examine the deed which had been executed to him by Taylor, in order to ascertain whether or not there was any lien on that tract of land? We think it was not. The object of the Legislature in changing the law, was to secure purchasers against the lien of some previous vendor, the existence of which did not appear by the deed which he had executed. This object would be in a great measure defeated by requiring them to look beyond the deeds under which their vendor claims the land. It is their duty to examine those deeds alone, and if they cannot there discover any evidence of an existing lien, they are not bound to extend their inquiries any further. An examination of the plaintiff's deed to Lee would not have apprized the defendants that there was a lien on the land which the latter conveyed to the former, and as they were not bound to look into Taylor's deed to Lee, there was no lien on the land they purchased for any part of the purchase money due to Taylor from Lee.

We do not deem it necessary to decide whether the plaintiff would have had a lien for the money he was compelled to pay to Taylor, even if his deed had contained a statement that the money remained unpaid. This deed contained no such statement, and

therefore he has no lien, and is not entitled to any relief against the defendants.

Wherefore, the judgment is reversed, and cause remanded, with directions to dismiss the plaintiff's petition so far as it seeks to enforce a lien on the land conveyed to Lee.